HENDRIX v. STATE

Ohio Appeals, 5th Dist., Brown Co.

Decided May 25, 1926

129a. BASTARDY PROCEEDING—When one is prosecuted under 1300 GC. for failure to support bastard child, a compromise under 12114 GC. prior to the amendment of 1923 is no bar to an action under 13008 GC. when the provisions of the compromise were not carried out.

First Publication of this Opinion

MAUCK, P. J.

Claude Hendrix was convicted under 13008 GC., of the offense of failing to provide his illegitimate child with a livelihood from May 21, 1924 to May 1, 1925. He seeks a reversal of that judgment of conviction and assigns a number of grounds therefor.

The accused did not undertake to deny his paternity of the child in question, nor did he make any claim that he had supported such child during the time mentioned in the indictment. The defense which he sought to interpose by pleas in bar and abatement and by defense before the jury were, that in 1921 he had been arrested in a proceeding in bastardy, and in that proceeding had made a compromise with the mother of the child, according to the provisions of 12114 GC. and

that compromise constituted an effective bar to this criminal proceeding under 13008 GC.

The Court of Appeals held:

1. It is unnecessary to determine when was the most effective time to raise this defense inasmuch as we are of the opinion that, under the facts disclosed in the record, this was not an effective defense.

2. The accused relied and still relies upon McKelvy v. State, 87 OS. 1, holding that when a bastardy proceeding has been compromised in full compliance with 12114 GC. it raises a bar as a criminal action under 13008 GC.

3. In his instructions to the jury the trial court submitted as part thereof the provisions of 12114 GC. as that section read prior to its amendment in 1923, 110 O. L. 297. The amendment referred to was clearly adopted to avoid the effect of the McKelvy case.

4. It is the contention of counsel that this amendment could not impair the compromise as made before 1923, but we cannot adopt this view.

5. It seems to us entirely competent for the General Assembly to say that, notwithstanding the fact that the father of an illegitimate child has made provision under a compromise with the mother, he shall nevertheless be required to support said child under 13008 GC.

6. However this may, be the holding in the McKelvy case was that the compromise in bastardy constituted a bar to subsequent prosecution only when all provision of the compromise were carried out and here, such was not the case.

Judgment affirmed.

(Sayre & Middleton, JJ., concur.)

Attorneys—O. E. Young for Hendrix; Bagby & Bagby for State; all of Georgetown.